COMMONWEALTH *v.* MUNROE EDWARDS *alias* HILL, *alias* CALDWELL.

[Charged on oath of Edgar Corrie Jr., with being a fugitive from justice from the state of New York, where he is charged with forgery, by which he has obtained the sum of $ 50,000 from deponent and others.]

IN October, 1841, the parties in the city of New York, entrusted to me the duty of arresting the above named defendant on the charge as stated. A more successful and daring crime, the amount invested, the means by which it was effected—together with the various circumstances connected with the arrest and trial of the prisoner—was never before presented to the consideration of the public. It is not our intention to give a history of this case; but it seemed proper to make this prefatory statement, in order to explain the only question raised on the examination, which I was required to decide in the case, on its primary hearing.

The prisoner was arrested and searched, his baggage secured, and he was brought before me.

On examining his baggage, about $ 40,000 were found in bank notes and gold coin.

An application was made to restore to the prisoner, his clothes and the funds found in his trunk, on the ground, that the money could not be identified as the proceeds of the forged papers.

It was contended in favour of the application, that this money had no ear-marks by which it could be

identified—that the commonwealth must show a strong prima facie case, in order to justify its detention from the prisoner—and that until this was done, it was the right of the prisoner to have the custody of the money.

The commonwealth resisted the application, first, because the prisoner was charged with a crime by which he did get possession of funds, over the amount now found in his possession; and from that fact alone a sufficiently strong prima facie case was made out, sufficient at least to put him upon his proof, as to the means if lawful, by which he obtained them: and secondly, that as the money in bank notes found in his possession, were the notes of the bank on which the results of forgery were converted into money, and farther, that these bank notes were in the state in which they were paid, viz. in wrappers of fifties and hundred and thousand dollar packages; it was evident that these funds were identically the same as were paid.

BY THE RECORDER: The commonwealth has presented sufficient evidence as to the identity of the money found in the possession of the prisoner, to put him to the proof of its title or ownership. There is, it is true, no ear-mark by which each individual note can be identified, but the circumstantial evidence presented by the commonwealth, is strong enough to create a reasonable ground for the belief, that the money in question is the direct proceeds of the offence charged—and that in the condition they are found, the circumstances of the finding, the assertion of the prisoner when arrested that he had no baggage—fully warrant me in retaining in the custody of the law, this property. This evidence raises

a belief so strong in its character, as to amount in its effect, to what would be produced, if an ear-mark was proved. It is substantially identified. It is a responsibility I know, one of no inconsiderable magnitude, to seize and detain so large an amount of property, and I would hesitate before taking this course, did I not believe it to be the proceeds of the crime.

All the facts of this case, stamp it as the most daring and adroit violation of law, that has come to my knowledge; and it requires that determined and rigorous measures should be taken, to discover the guilty parties. The offence strikes at all security in the business of a large portion of our community, and I am fully satisfied to detain the money, and commit the prisoner for a farther hearing. *Committed.*

*Hart & Meredith*, counsel for commonwealth.
*Dallas* for the prisoner.

NOTE.—The prisoner was taken before the court, before the adjourned hearing, on habeas corpus—a requisition for his removal to New York was produced before a final hearing, and he was tried and convicted and sentenced for ten years.